UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

DUSTIN DEAN,

Plaintiff,

v.

CITY OF TACOMA, TIMOTHY RANKINE, and MASYIH FORD,

Defendants.

No. _____

COMPLAINT FOR DAMAGES UNDER 42 U.S.C § 1983 AND WASHINGTON LAW

JURY DEMAND

### I. NATURE OF ACTION

1.1. <u>Introduction.</u> This case arises from the wrongful arrest of Dustin Dean in Tacoma, Washington on December 14, 2019. This is a civil rights action brought by Plaintiff Dustin Dean pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments, as well as pendent claims under Washington Law. Plaintiff's claims are asserted against the City of Tacoma, and Tacoma Police Officers Timothy Rankine and Masyih Ford.

1.2. Timothy Rankine and Masyih Ford (collectively referred to herein as "Defendant Officers") were operating under the direction and supervision of the City of Tacoma at the time they violated the Plaintiff's civil rights. All of the Defendant Officers'

COMPLAINT - 1

actions were undertaken within the course and scope of their employment with the City of Tacoma.

1.3. Despite the Defendant Officers wrongful conduct, Tacoma has effectively approved and ratified their actions. The City of Tacoma implicitly and overtly condones and defends officers that use excessive force against individuals. Tacoma police officers are aware that they are unlikely to receive any discipline when they use excessive force against a human being. The City of Tacoma repeatedly fails to discipline officers who commit acts of excessive force. Tacoma fails to identify officers who may have violated individuals' Fourth Amendment rights. Tacoma fails to log, document, and investigate allegations of officer misconduct. The City of Tacoma's policies provide that documentation concerning complaints against officers and employee reprimands is routinely destroyed. For these and other reasons, the City of Tacoma is liable for the violation of Dustin Dean's civil rights.

II. PARTIES

2.1 Plaintiff Dustin Dean. Dustin Dean ("Plaintiff" or "Dustin") is a resident of Pierce County, Washington.

2.2 Defendant Timothy Rankine: At all times relevant, Timothy Rankine ("Officer Rankine") was employed as a law enforcement officer by the Tacoma Police Department and was acting within the course and scope of his employment with the City of Tacoma and under the color of law. Officer Rankine's acts alleged herein was taken for the benefit of the City and his marital community.

2.3 Defendant Masyih Ford: At all times relevant, Masyih Ford ("Officer Ford") was employed as a law enforcement officer by the Tacoma Police Department and was

acting within the course and scope of his employment with the City of Tacoma and under the color of law. Officer Ford's acts alleged herein was taken for the benefit of the City and his marital community.

2.4 <u>Defendant City of Tacoma</u>: The City Tacoma is a municipal corporation located in the Western District of Washington. At all times material to this Complaint, Officers Rankine and Ford were agents of the City of Tacoma, acting within the scope of their employment, and under color of state law. The civil rights violations delineated herein were proximately caused by Tacoma's policies, customs, and the decisions of its policy-makers.

## III. JURISDICTION AND VENUE

3.1 This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C §§ 1331 and 1343.

3.2 This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.3 Venue is appropriate in the Western District of Washington pursuant to 28 U.S.C. § 1391 because at least some of the Defendants reside in this judicial district and because the events and omissions giving rise to the claims alleged herein occurred within the Western District of Washington, Tacoma Division.

## IV. FACTS

4.1 On the evening of Friday, December 13, 2019, Dustin Dean had attended a Christmas party with his girlfriend Vanessa Henriquez Ray ("Ms. Ray"). The couple arrived back home to Ms. Ray's apartment around midnight. As they parked

and walked up to the apartment the couple was having a minor, purely verbal argument.

4.2  At no time did Dustin threaten Ms. Ray. At no time did Ms. Ray feel threatened.

4.3  The couple went inside the apartment and continued to talk. Ms. Ray was in the bathroom changing when Officers Rankine and Ford approached the apartment.

4.4  The Defendant Officers did not have a search warrant for the apartment.

4.5  The Defendant Officers did not have an arrest warrant for Dustin.

4.6  The Defendant Officers never asked for permission to enter the apartment.

4.7  Without warning, the Defendant Officers crossed the threshold of the apartment, grabbed Dustin, pulled him out of the apartment, and started aggressively detaining him.

4.8  There were no exigent circumstances justifying the actions of the Defendant Officers.

4.9  Plaintiff had committed no crime and he had no idea why the Defendant Officers were removing him from his girlfriend's apartment. The Defendant Officers refused to tell him why they were there or why they were detaining him.

4.10  Ms. Ray and her adult daughter were frantic. They could not believe what was happening so they started yelling at the Defendant Officers.

4.11  Officer Rankine choked the Plaintiff. Dustin felt as if he could not breathe. He tried to say "this is an illegal detention" but could not get out the words because Officer Rankine was choking him.

4.12  The Defendant Officers told Ms. Ray and her adult daughter to get back inside and they threatened to tase the women.

4.13 The Defendant Officers threatened the women so they would stop filming the illegal arrest of Dustin.

4.14 Even though he was being subjected to an unlawful arrest, Dustin never tried to fight the Defendant Officers. Whatever minimal resistance the Plaintiff put up did not justify the Defendant Officers' actions.

4.15 Officer Rankine put the Plaintiff in a chokehold and Officer Ford helped him drag the Plaintiff down the stairs. They forcible restrained Dustin by pulling his hair and putting their body weight on him.

4.16 The Defendant Officers were extremely aggressive throughout the encounter and one of them yelled at Dustin to "put your fucking hands behind your fucking back!"

4.17 The Defendant Officers manhandled the Plaintiff for several minutes. Ms. Ray and her adult daughter went back inside the apartment to call 911 and request a police supervisor. They called 911 because they believed that Dustin was being wrongfully arrested and the Tacoma officers were out of control and using excessive force.

4.18 The Defendant Officers eventually forced Dustin into a prone position and handcuffed him behind his back.

4.19 A man claiming to be the Defendant Officers' supervisor (Sgt. Todd Kitselman) eventually came to the scene and spoke with Ms. Ray. She advised that she had just been having a verbal argument with Mr. Dean and there was no reason for him to be arrested.

4.20 Sgt. Kitselman failed to properly document the complaint that Ms. Ray had made against the Defendant Officers. Tacoma Police Department supervisors routinely

fail to properly document and investigate complaints of misconduct. Tacoma routinely fails to discipline officers who violate the Fourth Amendment and commit acts of excessive force and false arrest.

4.21 Although the Defendant Officers were allegedly responding to a possible domestic violence incident there was never any physical evidence of violence.

4.22 Although the Defendant Officers were allegedly responding to a possible domestic violence incident they never took the time to question anyone prior to forcibly detaining Dustin.

4.23 Although the Defendant Officers were allegedly responding to a possible domestic violence incident the Defendant Officers never asked Ms. Ray if she would provide a written statement.

4.24 Dustin was placed in the back of a police vehicle and transported to the Pierce County Jail.

4.25 Dustin experienced a great deal of pain as a result of this incident.

4.26 This was a traumatic event for Dustin.

4.27 The Defendant Officers did not have a legitimate justification for seizing and using excessive force against Dustin.

4.28 The Defendant Officers charged the Plaintiff with Obstruction in violation of Tacoma Municipal Code 8.17.015.

4.29 The Defendant Officers did not have probable cause to believe that Dustin had committed any crime. Their decision to charge the Plaintiff with Obstruction was an attempt to cover-up their unlawful conduct.

JAMES BIBLE LAW GROUP
14205 SE 36TH STREET SUITE 100
Bellevue, Washington 98006
T: 425-519-3675

4.30  Plaintiff had to appear at several court hearings over the course of months and the sham Obstruction charge was ultimately dismissed in December 2020.

4.31  Dustin has experienced physical and emotional harm as a direct result of this incident.

4.32  Tacoma did not ensure that the Defendant Officers prepared proper incident reports.

4.33  The reports prepared by Officer Rankine and Officer Ford both omit the critical fact that Dustin had been choked during the arrest.

4.34  Tacoma did not ensure that the Defendant Officers prepared use of force reports after this incident.

4.35  Tacoma did not ensure that Ms. Ray's complaint against the Defendant Officers was properly investigated and documented in their personnel files.

4.36  Officer Rankine has never been disciplined by the City for his unlawful actions.

4.37  Even after a Claim for Damages Form was sent to the City detailing Plaintiff's allegations, Tacoma has never initiated an internal affairs investigation into the actions of Officer Rankine.

4.38  Officer Ford has never been disciplined by the City for his unlawful actions.

4.39  Even after a Claim for Damages Form was sent to the City detailing Plaintiff's allegations, Tacoma has never initiated an internal affairs investigation into the actions of Officer Ford.

4.40  Tacoma failed to properly train and supervise the Defendant Officers.

4.41  Officer Rankine was sworn in as Tacoma police officer on or about January 29, 2019. He was still on PPO probation at the time he violated Dustin's civil rights.

4.42   Sgt. Kitselman has never been disciplined by the City for his failure to properly supervise the Defendant Officers.

4.43   Sgt. Kitselman has never been disciplined by the City for his failure to properly document Ms. Ray's complaint.

4.44   The Defendant Officers believed they could violate Dustin's rights without any repercussions because Tacoma implicitly and overtly condones and defends officers that use excessive force against individuals. Tacoma police officers are aware that they are unlikely to receive any discipline when they use excessive force or make a wrongful arrest.

4.45   The City of Tacoma has a policy or custom of failing to discipline officers who violate the Fourth Amendment rights of individuals, use excessive force, and seize people without probable cause.

4.46   The City of Tacoma's policy or custom tolerating and condoning police misconduct by its personnel, including Officers Rankine and Ford, directly and proximately resulted in the violation of Dustin's civil rights.

V.   **CAUSES OF ACTION**

5.1   <u>First Cause of Action.</u> Timothy Rankine and Masyih Ford are liable to the Plaintiff for using excessive force, wrongfully arresting him, and violating Dustin's Fourth and Fourteenth Amendment rights. (42 U.S.C. § 1983).

5.2   The actions of the Defendant Officers were objectively unreasonable, violated clearly established law, and Plaintiff's claims are not barred by qualified immunity.

5.3   <u>Second Cause of Action.</u> Defendant City of Tacoma is liable to the Plaintiff for the violations of Dustin's constitutional rights under 42 U.S.C. § 1983 because the

Defendant's policies, procedures, or customs were the moving force of the constitutional violations.

5.1. The myriad of failures described in the paragraphs above were due to, and were emblematic of, the City of Tacoma's inadequate and reckless policies, procedures, customs, and supervision regarding arrests, the Fourth Amendment, and the use of excessive force.

5.2. The City of Tacoma was deliberately indifferent to the fact that its inadequate and reckless policies, procedures, customs, training, and supervision would be the moving force behind its Police Officers violating an individual's Fourth Amendment rights.

5.3. Defendants Timothy Rankine and Masyih Ford were not subject to any discipline for violating Dustin's civil rights.

5.4. Defendant City of Tacoma's ratification of this incident continues, and its ratification and failure to take corrective action reflects its deliberate indifference to the danger of constitutional violations and physical harm its policies and practices create.

5.5. <u>Third Cause of Action.</u> Defendants Timothy Rankine and Masyih Ford committed the tort of assault and battery.

5.6. <u>Fourth Cause of Action.</u> Defendants Timothy Rankine and Masyih Ford are liable to the Plaintiff for the torts of outrage and intentional infliction of emotional distress.

5.7. <u>Fifth Cause of Action.</u> Defendant City of Tacoma is liable for the tortious actions of its officers undertaken within the course and scope of their employment, pursuant to the doctrine of respondeat superior.[1]

5.8. <u>Sixth Cause of Action.</u> In committing the acts alleged in the preceding paragraphs, the Defendant Officers acted at all relevant times within the scope of their employment with Tacoma. As a result, pursuant to State Law, Defendant City of Tacoma must indemnify the Defendant Officers for any judgment against them.

## VI. PLAINTIFF'S DAMAGES

6.1 As a proximate result of the Defendants' unlawful conduct described above, Plaintiff has suffered physical and emotional pain, suffering, humiliation, lost liberty, and suffered other special and general damages.

6.2 Plaintiff seeks recovery of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and applicable Washington law.

6.3 The actions of the Defendant Officers were reprehensible, malicious, oppressive, and showed reckless disregard for Dustin's civil rights. Plaintiff seeks recovery of punitive damages from Defendants Rankine and Ford.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants; award compensatory damages and attorneys' fees, as well as punitive damages against the Defendants; and enter any additional relief this Court deems just and appropriate.

---

[1] Prior to filing this Complaint the Plaintiff submitted a Claim for Damages Form to the City of Tacoma in compliance with RCW 4.96.020. Any prerequisites to bringing claims under Washington law have been satisfied.

COMPLAINT - 10

DATED this the 29th day of September, 2021.

           JAMES BIBLE LAW GROUP

         By _____
           James Bible, WSBA #33985
           14205 Se 36th Street Suite 100
           Bellevue, WA 98006
           Telephone: 425-519-3675
           Email:   James@biblelawgroup.com
           *Attorney for Plaintiff*