1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10    DUSTIN DEAN,                              CASE NO. C21-5822 MJP

11                        Plaintiff,            ORDER DENYING MOTION FOR
                                                PROTECTIVE ORDER
12          v.

13    CITY OF TACOMA, TIMOTHY
      RANKINE, MASYIH FORD,
14
                          Defendants.
15

16

17          This matter comes before the Court on Defendants' Motion for Protective Order. (Dkt.

18    No. 26.) Having reviewed the Motion and the supporting materials, and noting the absence of

19    any opposition, the Court DENIES the Motion without prejudice.

20          Defendants seek a protective order barring Plaintiff from obtaining any discovery into the

21    issues of Crisis Intervention Training or excited delirium. Defendants claim these topics are

22    irrelevant and would implicate Defendant Timothy Rankine's Fifth Amendment rights. And

23    although Plaintiff stated in the Joint Status Report that he would oppose this motion, he failed to

24

1    provide any response. (See Dkt. No. 24.) Defendants' counsel certifies that he met and conferred

2    with Plaintiff's counsel prior to filing this Motion. (See Declaration of Richard Jolley ¶ 2 (Dkt.

3    No. 27).)

4           Under Rule 26, the Court may, "for good cause, issue an order to protect a party or

5    person from annoyance, embarrassment, oppression, or unde burden or expense." Fed. R. Civ. P.

6    26(c)(1). "The party opposing disclosure has the burden of proving "good cause," which requires

7    a showing 'that specific prejudice or harm will result' if the protective order is not granted. In re

8    Roman Cath. Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011) (quoting

9    Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)). "Rule 26(c)

10   confers broad discretion on the trial court to decide when a protective order is appropriate and

11   what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

12   And the Court also has broad discretion to determine the scope of permissible discovery. See

13   Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

14          Although the Court here faces an unopposed request to preclude discovery into Crisis

15   Intervention Training and excited delirium, the Court declines to grant the relief request. First,

16   Defendants maintain that these topics are irrelevant to the present action. But without more

17   context and specific evidence or testimony to consider, the Court cannot determine relevancy.

18   Determining relevance on this record is improper and the Court declines to do so at this juncture.

19   Second, Defendants argue that the discovery into the two topics could potentially embarrass

20   Defendant Rankine or prejudice his Fifth Amendment rights with regard to a criminal action

21   against him. The Court lacks sufficient information before it to determine whether any discovery

22   sought from Defendant Rankine implicates his rights under the Fifth Amendment or that

23   disclosure of his invocation of his Fifth Amendment rights would create "adverse pretrial

24

1   publicity" or "unfair prejudice." And foreclosing any discovery on these topics from <u>any</u>

2   Defendant on the basis of Defendant Rankine's <u>personal</u> Fifth Amendment rights would be

3   overbroad and inappropriate. Neither the other defendant officer nor the City of Tacoma has

4   asserted a Fifth Amendment right in this action. And the City of Tacoma, as a municipal

5   corporation, has no Fifth Amendment rights to assert. <u>See</u> <u>Braswell v. United States</u>, 487 U.S.

6   99, 103 (1988).

7        The Court instead invites the parties to submit a stipulated protective order that tracks the

8   District's Model Order. To the extent that Defendant Rankine believes any testimony he gives

9   implicates his rights under the Fifth Amendment, he may make use of the Protective Order to

10  protect against broad disclosure. This will enable the Court to assess the propriety of the

11  assertion of the privilege in its full context and, if challenged, with the benefit of briefing from

12  all parties.

13       On this basis, the Court DENIES the Motion without prejudice.

14       The clerk is ordered to provide copies of this order to all counsel.

15       Dated May 2, 2022.

16

17       Marsha J. Pechman
         United States Senior District Judge

18

19

20

21

22

23

24